orders is dismissed. Present — Lazansky, P. J., Carswell, Johnston, Taylor and Close, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HYMIE PERNICK, Appellant.— Judgment of the Court of Special Sessions of the City of New York [County of Kings], convicting the defendant of violating section 435-c of the Penal Law (fraudulent identification of meats, meat preparations and food products), and of conspiracy, modified on the law by striking therefrom so much as convicts the defendant on the third and fourth counts of the information and by dismissing the information as to said counts. As so modified, the judgment is unanimously affirmed. The district attorney concedes that the defendant should not have been convicted under the third and fourth counts. The appeal from the orders is dismissed. Present — Lazansky, P. J., Carswell, Johnston, Taylor and Close, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. EDWARD SHOSHENSKY, Appellant.— Judgment of the Court of Special Sessions of the City of New York [County of Kings], convicting the defendant of violating section 435-c of the Penal Law (fraudulent identification of meats, meat preparations and food products), and of conspiracy, modified on the law by striking therefrom so much as convicts the defendant on the third and fourth counts of the information and by dismissing the information as to said counts. As so modified, the judgment is unanimously affirmed. The district attorney concedes that the defendant should not have been convicted under the third and fourth counts. The appeal from the orders is dismissed. Present — Lazansky, P. J., Carswell, Johnston, Taylor and Close, JJ.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. JAMES DE VITO, Appellant, v. THE WARDEN OF THE CITY PRISON, or Whomsoever May Have the Said JAMES DE VITO in His Custody, Respondent.— The appellant was held by order of a city magistrate of the city of New York, borough of Brooklyn, for trial in the Court of Special Sessions on a charge of violation of section 199-a of the Agriculture and Markets Law. Order dismissing writ of habeas corpus affirmed, without costs. No opinion. Lazansky, P. J., Hagarty, Carswell, Adel and Taylor, JJ., concur.

JOHN L. STEINBUGLER, Respondent, Appellant, v. WILLIAM C. ATWATER & Co., INC., Appellant, Respondent. (Appeal No. 1.) — Judgment modified on the law and the facts by increasing the amount of damages from $215,703.25, with interest from December 22, 1938, to $270,767.25, with interest from April 23, 1936. As thus modified, the judgment is affirmed, with costs to respondent-appellant. Appeal from amended judgment dismissed, without costs. (See Steinbugler v. Atwater & Co., Inc., No. 2 [post, p. 865], decided herewith.) In accordance with the contract and under the proof, plaintiff was entitled to recover the book value of the shares of stock appearing on the books at the time of his resignation, plus the equivalent of the aggregate earnings per share for the two years preceding the time of such resignation. The book value at the time of his resignation was the value as it was fixed by the corporation on March 31, 1935, with the profit for the fiscal year ending March 31, 1936, less a two per cent dividend, amounting to $3,336,951.69, which fixed the value of plaintiff's shares at $357,525. Two years' earnings, figured at $21.38 per share, amount to $32,070. This makes a total of $389,595. From this must be deducted the amount plaintiff concededly owed for the stock — $116,366.75 — so that his damages, including a concession